UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| Lisa Parteh, | Civil No. 11-2932 (MJD/LIB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| U.S. Bank National Association, | |
| Defendant, | |

This matter came before the undersigned United States Magistrate Judge upon Plaintiff's Motion to Remand to State Court.  The motion has been referred to the Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1.  For the reasons outlined below, the Court recommends that Plaintiff's Motion to Remand to State Court be denied.

**I.    BACKGROUND**

Plaintiff Lisa Parteh filed this suit against Defendant U.S. Bank National Association in Minnesota state court on September 8, 2011 alleging that Defendant had no standing to foreclose on Plaintiff's property, foreclosed based on fraud, and that Defendant was not the real party in interest.  (See Notice of Removal [Docket No. 1], Ex. 1 ¶¶ 52-95).  On October 5, 2011, pursuant to 28 U.S.C. § 1441, Defendant timely removed the matter to federal court on the basis of 28 U.S.C. § 1332—diversity jurisdiction.  (See Notice of Removal ¶ 1-2).  Defendant, in support of its removal of this action, stated that Plaintiff was a Minnesota resident and that Defendant is "a national association whose main office is located in Ohio, as set forth in its Articles of Association."  (Id. ¶ 2).  The Complaint further alleges that the claims at issue were regarding

1

real property, which was valued at more than $148,000.00, and the promissory note, in the principal amount of $136,500.00, either of which satisfy the amount in controversy requirement for diversity jurisdiction. (Id.) On December 22, 2011, Plaintiff filed the present motion seeking to remand the case to the Minnesota state court. (See Motion to Remand to State Court [Docket No. 19]).

## II. DISCUSSION

Plaintiff argues that the "Federal District Court should decline to exercise supplemental jurisdiction because the validity of the foreclosure sale is being challenged," and foreclosure actions are a complex issue of state law." (Pet.'s Mem. in Supp. of Remand to State Court [Docket No. 22] at 4). Plaintiff argues that the action should be remanded pursuant to 28 U.S.C. § 1367 and then Plaintiff proceeds to cite to and argue factors enumerated in § 1367(c), based on which "district courts may decline to exercise supplemental jurisdiction over a claim." (Id. at 3). Plaintiff asserts that because there is a pending eviction action in Minnesota state court, the case "is straddling two forums" and this Court should decline to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367. (Id. at 4-5).

Plaintiff does not, however, challenge diversity jurisdiction in this case and even acknowledged at the hearing on the motion to remand that no basis exists to challenge diversity jurisdiction. Diversity jurisdiction requires that two elements be satisfied: 1) complete diversity of citizenship between the parties;[1] and 2) an amount in controversy which exceeds $75,000. Northport Health Servs. of Arkansas, LLC v. Rutherford, 605 F.3d 483, 486 (8th Cir. 2010). Both elements are satisfied in this case. First, there is no dispute that Plaintiff is a Minnesota resident and that Defendant is a national association whose main office is located in Ohio, as set

---

[1] Diversity of citizenship is determined by "the citizenship of the parties named in the proceedings . . . plus any indispensable parties who must be joined pursuant to Rule 19." Northport Health Servs. of Arkansas, LLC v. Rutherford, 605 F.3d 483, 491 (8th Cir. 2010).

forth in its articles of association. (Notice of Removal ¶ 2). "[A] national bank 'is a citizen of only the state in which its main office is located as set forth in its articles of association.'" U.S. Bank Nat. Ass'n v. Polyphase Elec. Co., No. 10-4881, 2011 WL 3625102, at *2 (D. Minn. Aug. 17, 2011). Thus, the parties are diverse. Second, the amount in controversy requirement is also satisfied. "[W]here there is a dispute about the validity of a foreclosure, the amount in controversy will either be the amount of the underlying debt or the fair market value of the property." Garland v. Mortgage Electronic Registration Systems, Inc., 2009 WL 1684424, at *2 (D. Minn. Jun. 16, 2009). Plaintiff does not dispute that the amount of the underlying note in this case is $136,500.00 and that the value of the property is $148,000.00—either of which would satisfy the $75,000.00 amount in controversy requirement.

Having conceded that diversity jurisdiction is proper, Plaintiff nonetheless argues that remand is proper pursuant to § 1367. Citing Carnegie-Mellon University v. Cohill, 484 U.S. 343, 351 (1998), Plaintiff argues that "[a] federal district court has discretion under the doctrine of pendent jurisdiction to remand to state court a removed case upon a proper determination that retaining jurisdiction over the case would be inappropriate." (Pet.'s Mem. in Supp. of Remand to State Court at 8). However, in Cohill, the Court did not hold that a district court, pursuant to § 1367, may remand a case over which it has original jurisdiction; rather, the Court established that "a district court has discretion to remand to state court a removed case **involving pendent claims** upon a proper determination that retaining jurisdiction over the case would be inappropriate." 484 U.S. at 357. In other words, when no federal claims remain, the court may remand the state-law claims instead of dismissing them. See id. at 351 ("[w]e granted certiorari . . . to resolve the split among the Circuits as to whether a district court has discretion to remand a removed case to state court when all federal-law claims have dropped out of the action and only pendent state-law

claims remain."). In this case, there are no pendent state-law claims which lack an independent jurisdictional basis under federal law; the basis for federal jurisdiction over all the claims in the Complaint **is** diversity under 28 U.S.C. § 1332.

More to the point, in Cohill, the Court explained that courts have "no authority to decline to hear [a] removed case" in which the court has diversity jurisdiction, "which is not discretionary." Id. at 356. It is well-settled "to be the duty of the federal courts, if their jurisdiction is properly invoked, to decide questions of state law whenever necessary to the rendition of a judgment." Meredith v. City of Winter Haven, 320 U.S. 228, 234 (1943). "Section 1367(c), which concerns supplemental jurisdiction, will have no utility in diversity cases where, if [diversity] jurisdiction exists, it is generally not within the court's discretion to 'decline.'" City of Chicago v. Int'l College of Surgeons, 522 U.S. 156, 189 (1997). Thus, a district court may not generally remand a case removed pursuant to diversity jurisdiction. See Shaver v. F.W. Woolworth Co., 840 F.2d 1361, 1366 (7th Cir. 1988) (explaining that if diversity jurisdiction were established, "a federal court would have no discretion to reject"); Buchner v. F.D.I.C., 981 F.2d 816, 817 (5th Cir. 1993) ("a court has no discretionary authority to remand a case over which it has subject matter jurisdiction"); Allstate Ins. Co. v. Longwell, 735 F. Supp. 1187, 1191 (S.D.N.Y. 1990) ("where there is diversity jurisdiction, which is non-discretionary, the court may not eliminate the case from its docket, whether by a remand or a dismissal").

Although a "federal district court has discretion to decline [supplemental or pendent] jurisdiction if it has 'dismissed all claims over which it has original jurisdiction,'" Anderson v. Wal-Mart Stores, Inc., No. 5:06CV00225-WRW, 2006 WL 3313645, *1 (E.D. Ark. Nov. 14, 2006), and although federal courts have discretion to "decline to exercise jurisdiction over a diversity action raising issues of state law when those same issues are being presented

4

contemporaneously to state courts," Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 126 (1968), no such circumstance exists in the present case. Plaintiff's argument that "Defendant herein is straddling two forums"—state court for an eviction proceeding and federal court for the validity of a foreclosure action—is unpersuasive. (Pet.'s Mem. in Supp. of Remand to State Court at 5). First, eviction proceedings "are summary in nature and the limited scope of these proceedings does not permit the adjudication of title claims." United Prairie Bank-Mountain Lake v. Haugen Nutrition & Equip., 2011 WL 891156, at *2 (Minn. Ct. App. 2011) (unpublished) (quoting Amresco Residential Mortg. Corp. v. Stange, 631 N.W.2d 444, 444 (Minn. Ct. App. 2001)). Because the issue in the state court eviction proceeding does not involve determination of title, as is potentially the issue in the present case before this Court, no issue is being contemporaneously presented to a state and federal court. Second, the parties provided at the hearing that even the eviction proceeding has been stayed by the state court pending the resolution of the case involving the foreclosure now before this Court.

Additionally, Plaintiff's motion to remand appears to be untimely because she filed it more than 30 days after the filing of notice of removal—the motion was filed 78 days after the notice of removal. (See Docket Nos. 1, 19). Citing Graphic Comm. Local 1B Health & Welfare Fund "A" v. CVS Caremark Corp., No. 09-2203 (MJD/JSM), 2011 WL 5826687, *5-7 (D. Minn. Oct. 13, 2011), Plaintiff appears to argue that a motion to remand may be brought within a "reasonable time frame." (Pet.'s Mem. in Supp. of Remand to State Court at 5). However, Graphic Comm., and the cases cited therein, explicitly dealt with a "non-1447(c) remand"—specifically, remand based on the Class Action Fairness Act's local controversy provision, which is not at issue in this case. 2011 WL 5826687, at *2. Indeed, in Graphic Comm., the Court acknowledged that "[p]rior to the enactment of the statutory limitation, motions for remand were

required to be brought within a reasonable time frame. This rule continues for remands not covered by § 1447(c)." Id. at * 6 (quoting Snapper, Inc. v. Redan, 171 F.3d 1249, 1257 n.18 (11th Cir. 1999)). However, the language of § 1447(c) clearly imposes a current requirement that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)," and this Court "may not rewrite § 1447(c) to suit [its] own view of good policy." Kamm v. ITEX Corp., 568 F.3d 752, 757 (9th Cir. 2009). In this case, Plaintiff has not alleged any defect with subject matter jurisdiction nor has Plaintiff provided any other proper basis for a non-1447(c) remand. Indeed, as already noted, at the hearing Plaintiff acknowledged that there is no basis to challenge diversity jurisdiction. In the absence of a challenge to subject matter jurisdiction, or another non-1447(c) basis for remand, Plaintiff's request for removal was untimely.

For these reasons, the Court finds that a remand to the Minnesota state court would be improper and recommends that Plaintiff's motion be denied.

### III. CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that Plaintiff's Motion to Remand [Docket No. 19] be **DENIED**.

Dated: March 6, 2012                                s/Leo I. Brisbois
                                                    LEO I. BRISBOIS
                                                    United States Magistrate Judge

**N O T I C E**

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by March 20, 2012**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.